## SMITH, *execx.*, *v.* MEYER & BRO.

LANDLORD'S LIEN—*takes priority over mortgage of crops.* The landlord's lien for rent accrues as soon as there is any crop upon which it may attach.

A mortgage upon a crop for advances made to enable the tenant to make the crop, the mortgagee having notice of the existence of the tenancy, is subject to the *lien* of the landlord for rent.

### *Appeal from Jefferson Circuit Court.*

Hon. H. B. MORSE, Circuit Judge.

WATKINS & ROSE, for appellants.

BELL & CARLETON, for appellees.

WILSHIRE, C. J.

In this case, Hester A. Smith, as executrix of Samuel W. Smith, deceased, brought two suits of attachment against Andrew J. Nixon, in the Jefferson circuit court, at the April term, 1868, to enforce a landlord's lien upon the crops grown by Nixon on the lands of the plaintiff. The two suits were consolidated, and Gabriel Meyer and Bennett Meyer, partners, under the name of G. Meyer & Bro., then interplead, claiming the corn and cotton attached, by virtue of a mortgage executed by Nixon to them, conveying all the crop to be grown on the

39

lands of the estate of Smith, &c., bearing date February 1, 1867, to secure advances to be thereafter made by G. Meyer & Bro., to Nixon, to enable him to cultivate and make such crop, in the year 1867.

On the trial of the interplea, the cause was submitted to the court, sitting as a jury. The plaintiff moved the court to make the following declarations of law:

1. "That, if the interpleaders, G. Meyer & Bro., knew of the existence of the lien of Hester A. Smith, executrix, &c., before they instituted their suit by their action of replevin, that they had no property in the crop, as against the landlord, although the tenant, Nixon, had mortgaged the crop to G. Meyer & Bro. in the month of April, 1867, and the mortgage had been properly acknowledged and recorded."

2. "That, if a tenant mortgage a crop in the month of April, the mortgagee can not hold the crop against the lien of the landlord, provided the mortgagee has notice, before the crop is gathered, that the landlord has a lien upon the crop for the· rent for the year during which the mortgage was made."

The circuit court refused to declare the law as moved by the plaintiff, to which ruling of the court the plaintiff excepted.

The court below declared, as the facts proven in the case, "that in the month of December, 1866, said defendant, Andrew J. Nixon, leased of Samuel Smith, deceased, husband of said plaintiff, a plantation in Jefferson county, and a contract was entered into by which said Nixon gave his promissory note for eight hundred dollars, payable on the 10th day of January, 1867, and his further note of fourteen hundred dollars, payable on or before the 1st day of January, 1868, for the rent of said property. On the 1st day of February, 1867, in consideration of supplies to be advanced by G. Meyer & Bro., said Nixon mortgaged the crop of corn and cotton grown upon said plantation, in said year, to said G. Meyer & Bro., and, as appeared in the evidence, without giving said Meyer & Bro. notice that the rent was unpaid; and, as it further appeared in the evidence,

that said Meyer & Bro. were not, at the time, advised but that the rent for said plantation was paid."

The court below declared the law to be: "That, though said Nixon failed to fully satisfy said first note of eight hundred dollars, when due, or at any time previous to the giving of said mortgage, yet, as the holder had brought no action, at law, to enforce his landlord's lien, thereby giving notice, and as there had been a failure to record the lien, as required by law, said lien would have no priority as against said mortgage," etc. Whereupon that court rendered judgment in favor of the interpleaders, and against the plaintiff, in the attachment suit, for the property attached.

The plaintiff moved for a new trial upon the ground:

1. That the court below refused to declare either of the propositions presented by the plaintiff, as the law in the case.

2. That the court, sitting as a jury, found the issues for the interpleaders, contrary to law and evidence.

3. That the written opinion of the court does not declare the law of the case.

The motion for a new trial was overruled by the court below, and the plaintiff excepted and appealed to this court.

It appears, by the transcript, that the appellant recovered judgment against the defendant, Nixon, in the attachment suit, in the court below, for the sum of $1,400 debt, and $132 damages.

The circuit court erred in declaring the law, upon the trial of the interpleader of Meyer & Bro., as it did. The interpleaders claimed the cotton and corn attached by the appellant, to enforce her lien for the unpaid rent, under and by virtue of a mortgage, executed by Nixon, early in the year for which the rent is claimed.

The landlord's lien in this State is a statutory lien, and, as was held by this court at the last term, in *Sevier v. Shaw, Barbour & Co.*, "is a charge upon the crop, for the payment of the rent, and accrues as soon as there is any crop upon which it may attach." The testimony of Nixon and G. Meyer both

show that Meyer & Bro. knew, at the time the mortgage to them was executed, that Nixon was the tenant of the plaintiff in the attachment suit.

The mortgage of Nixon, to G. Meyer & Bro., was subject to the lien of the plaintiff in the suit against Nixon, and the circuit court erred in declaring the law otherwise ; and, for this error, the judgment of the court below, on the interpleader of G. Meyer & Bro., is reversed, and the cause remanded, with directions to that court to grant a new trial, and to proceed in the case according to law, and not inconsistent with this opinion.