## ALEXANDER VS. PARDUE.

1. LIEN: *Cannot be created by parol, unaccompanied by possession.*
   In a proceeding by attachment to enforce a specific lien for supplies iurnished to raise a crop; held, the lien could not be created by a parol agreement unaccompanied by a transfer of possession.
2. DEMURRER: *Irregularity in attachment no ground of.*
   The failure of the plaintiff to file a bond, in a proceeding by attachment, is no ground of demurrer to the cause of action.

APPEAL from *Columbia* Circuit Court.

Hon. M. D. KENT, Circuit Judge.

*Smoote & Kelso and Dick Gantt,* for appellants.

Appellant had a future interest in the product of the land, and was entitled to the attachment. Gantt's Digest, sec. 441. The contract did not create a partnership. *Christian* v. *Crocker,* 25 Ark., 327.

Demurrer not the proper way to object to want of bond.

*S. R. Cockrill,* for appellee.

Complainant shows no interest, or lien, in the property, asks no personal judgment. The proceeding *in rem* is the primary object, not ancillary. No prayer for relief. Newman's Pl. and Pr.,

451. The bond was necessary to give jurisdiction. 2 Nash. Pl. and Pr., 844-5; Rose's Digest, 68 (c); ib. 472, sec. 28 *et seq.* The affidavit is vicious and insufficient.

There is no allegation of a debt due.

Parties were partners, and suit did not lie between them. *Allen* v. *Davis*, 13 Ark., 28.

HARRISON, J..

Samuel Alexander sued Claiborne S. Pardue, before a Justice of the Peace, upon an account for $354.62, for goods, provisions, etc., setting out in a complaint filed with his account, verified by his affidavit, that he contracted with the defendant to let him have for cultivation in 1873, sixty acres of land, and to furnish him with stock and farming implements to cultivate the same; and also one thousand pounds of meat, one barrel of flour, a half barrel of molasses, and other supplies; and the defendant agreed to pay him as rent for the land, one half the products raised; and to pay him for the supplies, out of the other half of said products. That in accordance with the agreement he furnished the land, the stock and farming implements, and supplies to the value of $354.62, as stated in the account. That there remained to the defendant, after paying plaintiff one-half the crops raised for the rent, four bales of cotton and thirty-five bushels of corn. That said sum of $354.62 was justly due him and was a specific lien on said cotton and corn; that the defendant refused to pay the same out of said cotton and corn; and that he had reasonable cause to believe and did believe, that unless prevented by the court the said cotton and corn would be sold, concealed or removed from the State; and he prayed a specific attachment, etc.

The account and complaint or affidavit were filed on the 26th of December, 1873, and the justice issued an order of attachment against said property, returnable on the 19th of January,

1874, but which does not appear to have been served or returned. The parties appeared before the justice, on the 1st day of January, 1874, when the defendant demurred to the complaint or affidavit. The justice sustained the demurrer and dismissed the suit, whereupon the plaintiff appealed to the Circuit Court.

The defendant again in the Circuit Court demurred to the complaint or affidavit, in short upon the record; and the court sustained the demurrer and dismissed the suit. The plaintiff then appealed to this court.

To our mind it is very clear that the plaintiff had no lien on the crops produced for the money due him for supplies.

A lien is defined to be "a right in one man to retain that which is in his possession belonging to another, until certain demands of him, the person in possession, are satisfied." Story on Agency, sec. 352; 2 Steph. Com., 132; Houck on Lien, 1.

If it was the meaning of the contract between the plaintiff and defendant, that the crops should be bound for the supplies, it does not appear that the plaintiff was in possession of the cotton and corn. No presumption of such possession can arise from the fact that the cotton and corn were raised on land belonging to him; for the defendant can be regarded in no other light than as a tenant, and his possession is exclusive of the plaintiffs. A lien cannot be created by a contract not in writing, unaccompanied with possession. *Barnett* v. *Mason*, 7 Ark., 253.

The statement in the complaint or affidavit, as we may call it, that the plaintiff had a lien on the cotton and corn for the payment of his account for supplies, if nothing else appeared, might perhaps have entitled him to the order of attachment; but all the facts stated must be considered; and we have just seen that such statement was a mere deduction, and not warranted by the facts.

Before an order for a specific attachment may be issued, the statute requires the plaintiff to execute a bond with security to

the defendant to indemnify him against any damages that might be occasioned by it.   Gantt's Digest, sec's 444, 445.

No such bond was given in this case, and that alone was a cause for a quashal of the attachment.

But though the attachment or proceeding against that specific property should have been quashed, that did not deprive the plaintiff of the right to proceed in his suit; and if he proved his demand have a personal judgment against the defendant. Ib., sec's 459, 463;   *Childress* v. *Fowler*, 9 Ark., 159.

The defendant for the reasons we have shown might with much propriety, have moved to quash, or set aside the order of attachment, but they offered no ground of demurrer to the complaint or demand.   The account filed was a sufficient statement of the plaintiff's cause of action, which a failure to sustain the attachment, could not affect or impair.

The court below therefore erred in sustaining the defendant's demurrer and dismissing the suit, and its judgment is reversed and the cause remanded to it with instructions to overrule the demurrer and proceed according to law.