BURROW v. FOWLER.

Opinion delivered May 5, 1900.

1. LABORER'S LIEN—WHEN LOST.—If a ginner has a lien at common law for cotton ginned by him, such lien is lost when he surrenders possession of the cotton, and it comes into the hands of a *bona fide* purchaser. (Page 179.)

2. SAME—PRIORITY OF MORTGAGE. If a ginner has a lien for work and labor on cotton ginned by him, under the act of March 11, 1895, such lien, by the express terms of the act, is subject to a prior mortgage lien. (Page 180.)

Appeal from Conway Circuit Court.

JEREMIAH G. WALLACE, Judge.

STATEMENT BY THE COURT.

The appellee ginned or ·had ginned for Perry Leverett two bales of cotton. The price of the ginning was five dollars. Perry Leverett hauled the two bales of cotton to Morrilton, and had not paid for the ginning. He sold the two bales to the appellants, who knew nothing of any claim for ginning. He then carried the cotton to appellant's warehouse, had it weighed, came back to appellant's store to settle, and asked appellant to pay him five dollars to pay for the ginning, which the appellant refused to do, as he had a mortgage on the cotton of Leverett for more than it was worth, but gave Leverett a receipt for the proceeds of the cotton, to be applied upon his mortgage. Leverett informed Fowler that Burrow & Sons refused to pay for the ginning, and Fowler then demanded of them pay for the ginning, which they refused. Fowler then filed before a justice of the peace the following affidavit:

"I. Fowler v. H. W. Burrow & Sons. Affidavit for attach-ment, before N. E. Hawkins, J. P., etc. The plaintiff, I. Fow-ler, states that the claim in this action against the defendants, H. W. Burrow & Sons, is for money due upon ginning two bales of cotton; that it is a just claim; that he ought, as he believes, to secure thereon five dollars; and that the defendan

refuses to pay said sum of money, and is about to remove said two bales of cotton from this county, and for the purpose of delaying or defeating said claim for ginning said two bales of cotton. Wherefore he prays an order of attachment, and that he have judgment for the sum aforesaid, with interest, and also for costs of suit, and for other proper relief." A specific attachment was issued by the justice, and served merely by leaving a copy with defendants, without taking the cotton.

The parties appeared, and upon a trial before the justice a judgment was rendered against appellants, and appeal taken to the circuit court. Upon a trial *de novo* in the circuit court, verdict and judgment again went in favor of appellee. Appellants pleaded orally in the circuit court, denied generally, and claimed to have bought the cotton before suit from one Perry Leverett.

*J. F. Sellers*, for appellant.

Appellee was not entitled to any lien, as against appellants. A public ginner is not a "laborer," nor does he "produce" the cotton ginned at his gin, so as to entitle him to a lien under Sand. & H. Dig., § 4766. 43 Ark. 170; 50 Ark. 244; 54 Ark. 522; 12 Am. & Eng. Enc. Law, 532; 18 L. R. A. 305. Nor was appellee entitled to a lien under the act of March 11, 1895. Having parted with possession, he could not enforce any common-law lien. Schoul. Bail. § 122; 2 Am. & Eng. Enc. Law, 50; 6 L. R. A. 82; 49 Neb. 869; 12 Neb. 66. 120 N. C. 402; 20 Atl. 346; Hale, Bailm. § 227–233; Laws. Part. 5–8; Jones, Liens, § 20, *et seq.*

HUGHES, J., (after stating the facts.) We cannot see that the appellee had any lien upon the two bales of cotton for ginning that he could enforce against the appellants. If he had a lien at common law for the amount due for ginning, it existed while he retained possession of the property; but when he surrendered possession of it, and it went into possession of another, who knew nothing of his claim, and who gave value for it, his lien, if he had one, no longer existed. If he might have had a lien, as for labor performed, under the act of March, 1868, he does not claim under that act, and makes no proof to

bring himself within its terms. The claimant of a laborer's lien under that act must bring himself strictly within the terms of the act. "The plaintiff must perform manual labor, and there must be some product of his labor, to which the lien must attach." *Flournoy* v. *Shelton*, 43 Ark. 170.

If Fowler had or could have had a lien for work and labor under the act of March 11, 1895, by the express terms of the act it was subject to prior liens. Acts 1895, p. 39. Appellant's mortgage was recorded January 11, 1897; the cotton was ginned in the fall of same year, 1897. Therefore Burrow's had the prior lien. While, in justice, Fowler was entitled to pay for his ginning, we think that under the law Burrow & Son were not liable for it.

The judgment is reversed, and the cause is remanded for a new trial.