## HILL v. MORRIS.

### Opinion delivered May 22, 1916.

1. EQUITABLE MORTGAGES—DEFINITION.—Every instrument intended to secure the payment of money, whatever may be its form and whatever name the parties may choose to give it, is in equity a mortgage.

2. EQUITABLE MORTGAGES—HOW CREATED.—Equity requires no particular words to be used in creating a lien, and if from the instrument evidencing the agreement, the intent appears to give or to charge or to pledge property, real or personal, as a security for an obligation, and the property is so described, that the principal things intended to be given are charged so as to be sufficiently identified, a lien follows.

3.　EQUITABLE MORTGAGES—AFTER-ACQUIRED PROPERTY.—After-acquired property may be subject to the lien of an equitable mortgage.

4.　LIENS—RENT LIEN—PROPERTY OF ASSIGNEE OF LESSEE.—The lessee of certain premises can not bind the property of his assignee, afterward put into the building, with a lien for the payment of the rent to the lessor, none being allowed him by statute or the common law, without the consent and agreement of the said assignee.

5.　LIENS—ASSIGNMENT OF LEASE—RENT—LIABILITY OF ASSIGNEE.—The assignee of a lease agreed "to assume all the obligations of the said lease, and to pay the rent as it became due and specified in the lease, during the remainder of the term," but did not charge or pledge his personal property afterward put into the building, *held,* the goods subsequently put in the building by the assignee were not subject to the lien.

6.　EXEMPTIONS—PROPERTY FREE FROM LIEN.—A debtor may claim as exempt, property upon which no lien has been given, when the same is otherwise properly a subject of a claim of exemptions.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Carmichael, Brooks, Powers & Rector,* for appellant.

1.　A person can not waive his exemptions by stipulations in an executory contract. 18 Cyc. 1450, 1451, note; 45 Am. St. Rep. 763; 94 Tenn. 651; 86 Ill. 141; 25 Am. Rep. 301; Underhill on Landlord & Tenant, volume 2, p. 1446, § 842; 30 Ark. 56, 120; 72 Am. Dec. 741.

2.　A lien can not be created in a lease on property acquired after the execution of the lease. 163 Ill. 546; 45 N. E. 414; 111 Ark. 362.

3.　The language is not sufficiently clear to create a lien on after-acquired property. 2 Underhill on Landlord & Tenant, § 833, p. 1428; 111 Ark. 362.

4.　The lien is not assignable. 31 Ark. 597; 96 Ark. 557; 61 *Id.* 266; 39 *Id.* 346; 52 *Id.* 60; 61 *Id.* 274; 96 *Id.* 557; 34 *Id.* 83; 36 *Id.* 567; 51 *Id.* 437; 33 *Id.* 800; 37 *Id.* 185.

*S. L. White,* for appellee.

1.　An exemption can be waived by stipulation. 31 Ark. 438; 33 *Id.* 795; 2 N. W. 963; 21 Atl. Rep. 74.

2.   A lien can be created in a lease on after-acquired property.   26 Ark. 72; 52 *Id.* 371; 30 *Id.* 56.

3.   The language is sufficiently clear to create such a lien and the lien is assignable.   The assignability was not raised below and can not be raised here.   107 Ark. 462.   See 51 Ark. 433; 60 *Id.* 595; 97 *Id.* 534.

KIRBY, J.   The Union Trust Company as agent, on the 20th day of September, 1913, leased certain stores at numbers 612 and 614 Center street, Little Rock, and the property therein contained, to Comer-Dobyns Company, for a term of three years at a stipulated price, the lease containing, among others, the following clause: "And the said tenant hereby gives the said landlord a lien upon any and all property of said tenant, had or used upon said premises, whether exempt from execution or not, for all rents due or to become due by virtue of this lease."

On February 11, 1915, the leesee transferred and assigned the lease to J. D. Hill and E. A. Perkins, the assignment stipulating, "The said J. D. Hill and E. A. Perkins hereby agree to assume all the obligations of the said lease and agree to pay rent as it becomes due and as specified in said lease during the remainder of the term of the said lease."

E. A. Perkins disposed of his interest in the partnership to J. D. Hill, who got behind with the payment of his rent and in July executed a note for $540, payable to appellees, therefor and put up with it some collateral. The note not being paid, a suit was brought in equity thereon, in which it was alleged that they had a lien upon all the property of the defendant situated in the storerooms and a receiver was asked and appointed to take charge thereof. Appellant then went into bankruptcy, and the receiver turned over the property to the trustee, and this note was filed as a claim with the trustee. Appellant claimed and was allowed and secured his exemptions out of the property contained in the building.

These facts were set up in an amendment to the complaint, which also alleged a further indebtedness of

$67.50 due for rent of the building, from September 1st to 5th, and that they had a lien on the property in the store building at the time of the filing of the original suit and that defendant was seeking to claim as exempt from such lien, which it was alleged he had no right to do, the property claimed and allowed as exempt in the bankruptcy court, and asked a foreclosure of the lien and sale of the property for the payment of the debt.

It was admitted that appellant is a married man, the head of a family and entitled to claim the property attempted to be subjected to a lien for the payment of the rent, unless the lease and assignment thereof created a valid lien or equitable mortgage upon it between the parties.

The chancellor found in favor of plaintiff, and from the decree the defendant appealed.

Counsel say that the only question raised by the appellee is whether the lease, by its terms, and the assignment thereof, creates such a lien against the property as prevents J. D. Hill, the owner, from claiming the same as exempt from the payment of the debt and free from the lien.

Conceding, without deciding, that the terms of the lease are sufficiently definite and specific to constitute an equitable mortgage as between the original parties, binding the after-acquired property, had and used in the building by the lessee, upon its installation therein, it does not follow that it would necessarily constitute such a mortgage as between the lessor and appellee, the assignee of the lessee.

(1) Every instrument intended to secure the payment of money, whatever may be its form and whatever name the parties may choose to give it, is in equity a mortgage. *Turner* v. *Watkins,* 31 Ark. 438.

(2) Equity requires no particular words to be used in creating a lien * * * if from the instrument evidencing the agreement, the intent appears to give or to charge or to pledge property, real or personal, as a se-

curity for an obligation, and the property is so described that the principal things intended to be given are charged to be sufficiently identified, a lien follows. *Martin* v. *Schichtl,* 60 Ark. 595; *Ward* v. *Stark,* 91 Ark. 268; *Ark. Cypress Shingle Co.* v. *Meto Valley Ry. Co.,* 97 Ark. 536.

(3)   It is also true, that after-acquired property may be subject to the lien of an equitable mortgage, which attaches as a charge against the particular property, when it comes into being, or the title thereto is acquired by the mortgagor, when the property is sufficiently described in the contract between the parties. *Morton* v. *Williamson,* 72 Ark. 390.

(4-5)   Certainly the lessee could not bind the property of his assignee afterwards put into the building, with a lien for the payment of the rent to the lessor, none being allowed him by statute or under the common law, without the consent and agreement of said assignee. The assignee's liability is measured by the terms of his contract, which was "to assume all the obligations of the said lease and pay the rent as it became due, and specified in the lease, during the remainder of the term," which does not evince an intention to give or charge or pledge the personal property afterwards put into the building by the assignee of the lease, a stock of goods to be resold, as a security for the obligation to pay the rent, and is not sufficient to constitute an equitable mortgage of such property by said assignee.

(6)   Since no lien was given upon the property of appellant by the terms of the contract, there was no legal barrier preventing his claim of the property as exempt from the payment of his debt by contract.

The court erred in holding otherwise and the decree is reversed and the cause remanded with directions to dismiss the complaint for want of equity.