## BARNES v. JEFFUS.

### Opinion delivered March 14, 1927.

FIXTURES—REMOVABLE HOUSES.—Dwelling houses, necessary for employees operating a mill for the manufacture of timber, erected by a lessee with the landowner's consent, and removable without injury to the land, *held* to be personal property which the lessee had a right to remove.

Appeal from Ouachita Chancery Court, Second Division; *J. W. Warren*, Special Chancellor; reversed.

STATEMENT BY THE COURT.

The question of the right of the lessee to remove buildings and sheds erected on a mill-site in manufacturing timber sold and conveyed to the manufacturer is involved in this appeal.

The appellees sold and conveyed the timber on the lands to one Garland Anthony, giving him ten years in which to remove it, and the free and uninterrupted possession thereof during the term for the purpose, with the right to cut out and construct roads, tramways and railroads over the land, with the further right to maintain logging camps while engaged in removing the timber,

"and to use sufficient of said lands outside of inclosed and cultivated fields for site for mill and lumber yard."

Anthony conveyed the timber on the lands to Barnes by deed, with a like right to remove the timber within ten years from the 6th day of September, 1922, and the right to uninterrupted possession during the term, with free ingress and egress; the right to build trams and operate trams or railroads transporting the timber cut from the lands, and any other timber belonging to grantee, to bring suit for the possession thereof, and the right to use sufficient of said lands outside of inclosed and cultivated field for site for mill and lumber yard.

Barnes, appellant, put up a sawmill on the tract of land for manufacturing the timber, covered it with a shed, erected two small box-houses on blocks, with paper composition roof, one four and the other three rooms, for the use of the employees of the mill, and a mule-shed and some small outhouses. He removed the machinery from the mill before the end of the term and before using all the timber, and was engaged in tearing down the mill shed for removal when appellees brought this suit and procured an injunction preventing the removal of the improvements.

Upon the hearing the testimony showed that appellant was tearing down the mill-shed and intended to remove the two small dwelling houses, which were constructed for use of the employees in operating the mill, and built with the intention of removing them upon the removal of the machinery.

Appellees knew that the houses had been erected by appellant in the putting up and use of the sawmill for the manufacture of the timber, and consented thereto, having granted the right for the use of the land as a mill-site upon the sale of the timber, but insisted that the dwellings became fixtures to which they were entitled upon removal of the mill.

The lower court took this view, and rendered judgment accordingly, giving the appellant the right to move the sheds and small outbuildings, and permanently

enjoined him from removal of the small dwelling-houses, and from this judgment he appealed.

*C. W. Smith* and *R. H. Little,* for appellant.

*R. K. Mason,* for appellee.

KIRBY, J., (after stating the facts). The undisputed testimony shows that the small dwellings were of temporary construction, the kind necessarily and usually built on such mill-sites for the use of the employees in the operation of the mills, and that the appellants intended, at the time of their construction, to remove them with the mill when the timber had been manufactured.

These small dwelling-houses were put upon blocks that were sitting on boards on the ground, and could be removed without reducing them to raw material, and without injury to the land. Since they were also such houses as could be used and of the kind in general use for tenants on farms in that particular community, it could have been urged with more reason that they were fixtures and not removable had the contracts for sale of the timber not restricted the use of the lands for mill-site and lumber yard to those outside of inclosed and cultivated fields.

These houses were necessary for use of the employees in the construction and operation of the mill for the manufacture of the timber, and constructed with the consent of the owner of the land, and the intention on the part of the mill owner to remove them, with the machinery, when the timber had been manufactured, and fall within the classification of trade fixtures, which the lessee or tenant had the right to remove. *Field* v. *Morris,* 95 Ark. 268, 129 S. W. 543, 11 R. C. L. 1082, §§ 25-26; 26 C. J. 701, § 87; 2 Underhill, Landlord & Tenant, 1247, § 736.

In said § 26, R. C. L., it is stated: "Generally it is considered that, where the landowner consents to the placing of a building on his land by another, without an express agreement as to whether it shall become a part of

the realty or remain personalty, an agreement will be implied that it is to continue personal property."

There was no intention on the part of the mill owner in constructing the houses, and nothing in the method of construction and materials used indicated an intention, to make a permanent accession to the land or irremovable fixtures, and they did not become such, but remained personal property.

The court erred in holding otherwise, and its judgment permanently enjoining and prohibiting appellant from removal of the said buildings is reversed, and the cause dismissed.