### ROGERS *v.* VANDERBILT.

Opinion delivered January 9, 1928.

FIXTURES—RIGHT TO REMOVE BUILDINGS.—A grantee of standing timber with a right to a millsite for the purpose of cutting the timber into lumber, *held* to have a right to remove buildings built on rocks or blocks laid on the ground for the necessary use of employees in the construction and operation of the mill, there being no intention to make such buildings permanent accessions to land or irremovable fixtures.

Appeal from Independence Chancery Court; *A. S. Irby,* Chancellor; reversed.

*W. K. Ruddell,* for appellant.

*W. M. Thompson,* for appellee.

SMITH, J. This case does not differ in any material respect from the case of *Barnes* v. *Jeffus,* 173 Ark. 102, 291 S. W. 990. The instant case is therefore controlled by the former one.

In this case, as in that, the owner of the fee title to certain land sold the timber standing thereon, and granted a fixed time for its removal. In the instant case the timber deed gave the grantee the right to a millsite on said land for the purpose of cutting said timber into lumber and for sawing other timber, if desired, with the right to all roads necessary for the purposes of the deed.

In the former case a fixed time was given the grantee to cut and manufacture the timber, with the

right to construct roads, and the further "right to maintain logging camps while engaged in removing the timber, and to use sufficient of said lands outside of inclosed and cultivated fields for site for mill and lumber yard."

The instant case was submitted on an agreed statement of facts, from which it appears that the timber deed was duly recorded, and the grantee erected, in connection with the sawmill placed on the land, nine houses, each 8 feet wide, 16 feet long and 8 feet high, which were built upon rocks and blocks laid upon the ground. The grantor knew the houses were being built and their intended use, but there was no agreement that "said houses were to be built or that same should be removed at any time, or that they should become a part of the real estate." The houses were built soon after the execution of the deed, and were used by the mill employees for living quarters, except one building which was used for a commissary and another which was used for a barn. The grantee began removing certain of these buildings, when the grantor brought this suit to enjoin him from doing so, and, upon the final hearing, the relief prayed was granted, and the grantee was enjoined from removing any of the buildings erected in connection with the operation of the sawmill.

In the opinion in the case of *Barnes* v. *Jeffus, supra,* it was said:

"Appellees (the grantors) knew that the houses had been erected by appellant (the grantee) in the putting up and use of the sawmill for the manufacture of the timber, and consented thereto, having granted the right for the use of the land as a millsite upon the sale of the timber, but insisted that the dwellings became fixtures to which they were entitled upon removal of the mill."

It appears from the statement just quoted, as well as from the general statement of the facts, that there was no express grant of authority to remove the buildings, but this authority was derived from the grant of the right of the use of the land for a millsite. So here the grantee was under no obligation to erect any buildings,

but he had the right to do so as an incident to the operation of his sawmill, and, as was said in the case cited, "the small dwellings were of temporary construction, the kind necessarily and usually built on such millsites for the use of the employees in the operation of the mill," and, as was also said in the case cited, "these small dwelling-houses were put upon blocks that were setting on boards on the ground, and could be removed without reducing them to raw material, and without injury to the land;" and, as was also said in the case cited, "these houses were necessary for use of the employees in the construction and operation of the mill for the manufacture of the timber, and constructed with the consent of the owner of the land, and the intention on the part of the mill owner to remove them, with the machinery, when the timber had been manufactured, and fall within the classification of trade fixtures, which the lessee or tenant had the right to remove."

Under these facts it was there said that: "There was no intention on the part of the mill owner, in constructing the houses, and nothing in the method of construction and materials used indicated an intention to make a permanent accession to the land or irremovable fixtures, and they did not become such, but remained personal property."

Upon the authority of the case so extensively quoted from the decree will be reversed, and the injunction dissolved.