## BENNETT *v.* TAYLOR.

Opinion delivered May 9, 1932.

*George M. Bennett* and *Evans & Evans,* for appellant.

*Rhyne & Shaw* and *Sam Rorex,* for appellee.

BUTLER, J. The American Bank & Trust Company, a banking corporation doing business in the town of Paris, entered into a written lease contract by which it leased a certain building in said town for a term of ten years, the lessor to make certain improvements and the lessee to pay a yearly rental of $1,620 at $135 per month.

The improvements were made according to the agreement, and the bank entered on the property and occupied the same, paying the rental as stipulated for about five years, when it became insolvent and was taken over by the State Bank Commissioner for liquidation. For about a year the deputy bank commissioner in charge of the liquidation occupied the premises and paid the rent at the rate of $135 per month, until the first day of May, 1931, at which time, acting under instructions from the banking department, he notified the appellant, the executrix of the lessor (then deceased) of his intention to abandon the premises unless she would accept a rental of $35 per month. Upon her refusal to do this, he notified her of his intention to vacate, and advertised for sale the bank fixtures which had been installed in the building by the bank. The appellant thereupon brought this suit, denying the right of the Bank Commissioner to cancel the lease, and prayed for an order restraining the sale of the fixtures until the full rental for the ten-year period had been paid, and claimed a vault door as a fixture to the freehold.

A temporary restraining order was granted until the cause could be heard, and upon a hearing thereof the court found (1) that the appellant had no lien upon the fixtures; (2) that the appellee, if he found the lease burdensome to the bankrupt estate, had the right, within a reasonable time, to terminate the same; (3) that the appellant had not been damaged by appellee in vacating the premises; (4) that she was entitled to the rent at the contract price for the month of May, 1931; (5) that the appellant was entitled to a reasonable rent since June 1, 1931, upon which proof might be taken; and (6) that the vault door affixed by the appellee is personalty like other bank fixtures, and may be removed.

This appeal is from a decree setting aside and vacating the temporary restraining order and dismissing the petition.

The appellant states that ''the only real question in the case is whether or not, under the allegation of the peti-

tion and under the proof, the petitioner has a lien for rent upon the property described. * * * It is our contention that Dr. Bennett, in his lifetime, had a lien upon these fixtures on the demised premises for the accruing rent on the premises, and that his executrix, the petitioner herein, has a lien upon the fixtures for the rent as it accrues, and that she is entitled to have these bank fixtures condemned and sold to pay the unpaid rent upon the premises, the rent that has accrued and the rent as it yet accrues, but certainly for the rent that has accrued.'' To sustain this contention, learned counsel calls attention to the provision in § 719 of Crawford & Moses' Digest, to the effect that the title of the State Bank Commissioner to, and his right of, possession of insolvent bank assets shall be subject to any and all equities in favor of third persons which have arisen or have been obtained as against said property or assets prior to the taking charge thereof by the said commissioner, and to the holding in the case of *Funk* v. *Young,* 138 Ark. 38, 210 S. W. 143, 5 A. L. R. 79, that the Bank Commissioner is not an innocent purchaser in taking possession of the assets of an insolvent bank, but takes them subject to the equities against the bank. He also relies on the landlord's prerogative of distraint by which at common law the landlord may seize all chattels found on the demised premises for rent in arrears. It is insisted that this common-law rule is in force in this State by reason of the provisions of § 1432 of Crawford & Moses' Digest, by which the common law, so far as the same is applicable and of a general nature, shall be the rule of decision in this State unless repealed by the General Assembly and not inconsistent with the Constitution of this State or of the United States.

Learned counsel for the appellant concede this rule has never been invoked or applied in this State, but that, not having been changed by statute, it still exists, for the reason that it is not at all incompatible with our institution. We cannot assent to this conclusion for the very

reason that, throughout nearly a hundred years of the history of this State, no court or Legislature has ever recognized the harsh and oppressive remedies of the landlord's common-law right of distraint, and, in the absence of a statutory direction, we are unwilling now to revive and apply that doctrine. It is a matter of common knowledge that the tenant class of this State are among the poorest and most helpless of our citizens, and, in the absence of a statute or contract authorizing it, we decline to say that a landlord may seize and dispose of the poor belongings of his tenant for rent in arrears, which, in many cases, are all they have. Indeed, we are of the opinion that the only common-law lien that has been recognized by the statutes or courts of this State is that which was recognized at common law as artisans' lien, by which a chattel which had been improved or repaired was impressed with a lien in favor of the workman so long as it remained in his possession. *Gardner* v. *First National Bank,* 122 Ark. 469, 184 S. W. 51.

In the early case of *Barnett* v. *Mason,* 7 Ark. 253, this court declared that even that lien would be lost where the chattel was once surrendered and could not be revived by any subsequently acquired possession. In the case of *Alexander* v. *Pardue,* 30 Ark. 359, where a landlord sought to have a lien declared on the corn and cotton raised by his tenant on the demised premises for food and other supplies advanced by the landlord to enable the tenant to make the crop, the court denied the landlord's right to the remedy invoked and defined a lien at common law to be "a right in one man to retain that which is in his possession belonging to another until certain demands of him (the person in possession) are satisfied." Continuing, the court said: "It does not appear that the plaintiff was in possession of the cotton and corn. No presumption of such possession can arise from the fact that the cotton and corn were raised on land belonging to him, for the defendant can be regarded in no other light than as a tenant, and his possession is exclusive of the plaintiff's."

To the same effect are the decisions of the court in *Hamlett* v. *Tallman,* 30 Ark. 509; *Roberts* v. *Jacks,* 31 Ark. 361; *Burrow* v. *Fowler,* 68 Ark. 178, 56 S. W. 1061.

Most of the cases in which the question of a landlord's lien has arisen are those dealing with the right of the landlord to a lien on the products of the soil. But we can see no difference in principle between such chattels and the cook-stove and sewing machine of the housewife or the furniture in a bank. The court, in a number of cases, has indicated that landlord's liens in this State arise only by operation of statute, and thus inferentially deny the common-law lien to be fixed by distraint.

In the case of *Smith* v. *Meyer,* 25 Ark. 609, it was held that the landlord's lien in this State is a statutory lien; and in *Rogers* v. *Cooper,* 33 Ark. 406, 409, and *Walters* v. *Meyer,* 39 Ark. 560-567, it was held that the landlord's lien is a creation of statute. Where a rent contract provides for a lien on certain chattels in default of the payment of the rent, it has been construed by this court in effect to be a chattel mortgage.

In the case of *Hill* v. *Morris,* 124 Ark. 132, 186 S. W. 609, the court, in denying the right of the landlord to a lien on the property of the tenant which he had put into the leased building, and which he held as assignee of the original lessee, held that, although the original contract of lease contained a stipulation which might be treated as an equitable mortgage binding the property of the lessees in the building for the payment of the rent, this could not bind the property of the assignee with the lien for the payment of the rent to the lessor as none was "allowed him by statute or under common law." (Referring to §§ 4 and 5, page 136.) See also *Grayson* v. *Mixon,* 176 Ark. 1123, 5 S. W. (2d) 312, where it was held that a landlord had no lien for rent due on the furniture of a tenant in a hotel.

The trend of all the cases above cited justifies the conclusion we have reached that the landlord has no lien either by statute or under the common law, as recognized

and applied in this State, on furniture or other property of the tenant in the demised premises for arrears of rent.

The vault door was installed by the bank, and was necessary for the conduct of its business, and could be removed without damage to the building. There is no showing made that it was the intention that the vault door should remain in the building and become the property of the landlord at the expiration of the lease, and the modern trend of decisions is in favor of the removal of articles affixed to the free-hold by the tenant unless, from their very nature, it appears that the fixtures were intended to be permanent, or that such was the intention of the parties. *Choate* v. *Kimball,* 56 Ark. 55, 19 S. W. 108; *Ark. Cold Storage Co.* v. *Fulbright,* 171 Ark. 552, 285 S. W. 12; *Barnes* v. *Jeffers,* 173 Ark. 100, 291 S. W. 990; *Rogers* v. *Vanderbilt,* 175 Ark. 977, 1 S. W. (2d) 71; *Bank of Mulberry* v. *Hawkins,* 178 Ark. 504, 10 S. W. (2d) 898; *Alwes* v. *Richheimer, ante* p. 535. These authorities sustain the chancellor in his finding that the vault door was a trade fixture and removable.

Since we have disposed of the question as to what, by her, is regarded as the only real issue in the case, and adverse to her contention, it will be unnecessary to discuss the other questions raised by counsel for the appellant.

Affirmed.