### KLEINSCHMIDT et al. v. BROWN et al.
### No. 2959.

District Court, E. D. Arkansas, W. D.
June 15, 1939.

G. W. Botts, of DeWitt, Ark., and C. A. Walls, of Lonoke, Ark., for plaintiffs.

Fred A. Isgrig, U. S. Atty., and Leon B. Catlett, Asst. U. S. Atty., both of Little Rock, Ark., for defendants.

TRIMBLE, District Judge.

Plaintiffs bring suit against defendants, who are officers and employees of the United States of America, in an attempt to restrain such defendants from removing buildings comprising a C. C. C. Camp erected about June 1, 1935, by the United States of America upon lands leased by the United States of America from the plaintiffs under a lease agreement entered into on May 29, 1935. The said lease agreement was for the period of one year from June 1, 1935, and was renewed at the expiration of such period of time for a period of another year, and at the expiration of such last mentioned date a new lease agreement was entered into for the period of another year. There were no provisions in any of these lease agreements as to whether or not buildings placed on such lands should become fixtures.

The buildings above mentioned, being a latrine and bathhouse 20′ by 55′ by 7¼′, two mess halls 20′ by 110′ by 7¼′ and 20′ by 40′ by 7¼′, hospital 20′ by 55′ by 7¼′, headquarters 20′ by 70′ by 7¼′, officers' quarters 20′ by 60′ by 7¼′, foreman's quarters 20′ by 60′ by 7¼′, and eight barracks 20′ by 65′ by 7¼′, costing in the aggregate $18,257.42, were fabricated in sections about July 2, 1935, pursuant to orders of the War Department of the United States and under the direction and supervision of officers and employees of the said War Department at DeWitt, Arkansas County, Arkansas, which is approximately fourteen miles north and west of the leased lands, and immediately removed in sections under the direction, orders and supervision of the War Department of the United States to said leased lands by trucks owned and operated by the Civilian Conservation Corps, where such buildings, fabricated in sections, as aforesaid, were erected upon sites on such leased lands indicated by the War Department of the United States.

All witnesses who testified, including the plaintiff Gus B. Kleinschmidt, stated that the buildings hereinabove mentioned were suitable for use by a C. C. C. Camp, were the kind necessarily and usually built for the use of C. C. C. Camps, and were necessary for the use and occupation of the lands leased as a C. C. C. Camp.

Upon the facts above set out, the question presented for decision is:

Under the lease agreements entered into did the improvements placed upon the property by the lessee become fixtures and a part of the realty, so that at the expiration of the lease period and the quitting of possession by the lessee, the lessee could not remove the improvements?

Since the decision in the case of Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, we need not look beyond the decisions of the Supreme Court of Arkansas for authority upon which this question is to be answered.

In the case of Barnes v. Jeffus, 173 Ark. 100, 102, 291 S.W. 990, 991, the facts were almost on all fours with the case at bar. The appellee, Jeffus, sold some timber on the land to one Anthony, who in turn sold it to Barnes, the bill of sale providing that the purchaser should have ten years in which to remove the timber, with "the right to use sufficient of said lands outside of inclosed and cultivated field for site for mill and lumber yard." Barnes, appellant, put up a sawmill on the tract of land for manufacturing the timber, covered it with a shed, erected two small boxhouses on blocks, with paper composition roof, one four and the other three rooms, for the use of the employees of the sawmill and a mule shed and some small outhouses and was removing the two small dwelling houses when this suit was brought to enjoin him.

Justice Kirby, speaking for the Court said:

"The undisputed testimony shows that the small dwellings were of temporary construction, the kind necessarily and usually built on such mill sites for the use of the employees in the operation of the mills, and that the appellants intended at the time of their construction to remove them with the mill when the timber had been manufactured. * * *

"These houses were necessary for use of the employees in the construction and operation of the mill for the manufacture of the timber, and constructed with the consent of the owner of the land, and the intention on the part of the mill owner to remove them with the machinery, when the timber had been manufactured, and fall within the classification of trade fixtures, which the lessee or tenant had the right to remove." Citing Field v. Morris, 95 Ark. 268, 129 S.W. 543; 11 R. C. L. 1082 Secs. 25–26; 26 C.J. 701, Sec. 87; 2 Underhill, Landlord & Tenant, 1247, Sec. 736, and quoting from 26 R.C.L.

This case was reviewed and fully approved in the case of Rogers v. Vanderbilt, 175 Ark. 977, 1 S.W.2d 71, and this case is also in point with the case before the bar of the Court.

Going to the decisions of the Federal Courts, one case, which has never been overruled, will be sufficient to show the holdings of the Federal Court on this question. In the case of Van Ness v. Pacard, 27 U.S. 137, 2 Pet. 137, 7 L.Ed. 374, Justice Story, speaking for the Court held, that a two story house built upon a lot in the City of Washington, under a lease for years, and used for the operation of a dairy (although in part used as a residence by the family of the lessee), with the necessary stalls, barns, et cetera, was a trade fixture and removable within the term by the lessee.

It is not necessary to cite numerous cases on this question, the current of decisions being almost uniform by the Supreme Court of Arkansas.

The holding of the Court is therefore, that the improvements placed upon the lands under discussion were and remained trade fixtures and were removable by the lessee upon expiration of the lease term.