## ANNIE M. TRIMBLE *v.* WASH DURHAM.

1. LANDLORD'S LIEN. "*Supplies.*" *Mules sold tenant.* Code 1880, § 1301.

   Mules sold by a landlord to his tenant, necessary to the making of a crop, are "supplies" within the meaning of § 1301, code 1880, giving a landlord a lien on the crops of the tenant for supplies furnished during the year.

2. SAME. *Waiver. Separate note for supplies.*

   In such case, the taking by the landlord of a separate note for the price of the mules, reciting that he retained his lien on the mules and crop until the note is paid, is not a waiver of the landlord's lien.

FROM the circuit court of Coahoma county.

HON. R. W. WILLIAMSON, Judge.

Appellant rented land to one Hopson, taking his note for the agreed rent. She also sold him two mules with which to make a crop, taking a separate note for their price, and reciting in it that she retained a lien on the mules and crop until the note should be paid. Appellee, Durham, sub-rented a part of the land from Hopson. The latter did not make enough crop to pay for the mules, and Mrs. Trimble took possession of the cotton grown by Durham, the under-tenant, and applied it to the payment of the indebtedness for the mules, claiming a lien as landlord on all the agricultural products raised on the land for the rent due by him, and for the purchase-price of the mules, as "supplies furnished to the tenant" under § 1301, code 1880. Thereupon, Durham seized the cotton raised by him as under-tenant, contending that the mules sold by a landlord to the tenant are not "supplies;" and that, if mistaken in this, the landlord in this case had waived her landlord's lien by taking the separate note for the price of the mules, reciting in it that she reserved a lien on the crop and mules for its payment.

The court, a jury being waived, found for the plaintiff, Durham, and Mrs. Trimble, the landlord, prosecutes this appeal.

Section 1301, code 1880, which is construed by the court, is as follows: "Every lessor of land shall have a lien on all the agricultural products of the leased premises, however and by whomsoever produced, to secure the payment of the rent, and the fair market value of all advances made by him to his tenant for supplies for the tenant and others for whom he may contract, and for his business carried on upon the leased premises," etc.

*Cook & Anderson*, for appellant.

1. The language of § 1301 is clear, broad and sweeping. Nothing is more necessary to the making and marketing of a crop than a mule, and, when furnished a tenant, it is supplies "for his business carried on upon the leased premises." It is difficult to imagine a negro farming in this country without a mule.

2. The taking of the second note did not in any way change the status of the parties. The law gave the lien, and the mere recital of the lien in the note cannot work a waiver of it.

*Yerger & Yerger*, for appellee.

1. The value of mules, that can make many crops, is not within the meaning of the statute which contemplates a lien on the crop for the year's supplies. The rent for the service of the mules for the year is different, and is within the spirit of the law. The crop is made liable for the rent and cost of its production. It will be noted that former statutes give a lien for "work-stock" and for "plantation supplies." The code of 1880 gives a lien for "advances" for supplies. See *Herman* v. *Perkins*, 52 Miss., 813; *Lumbley* v. *Gilruth*, 65 *Ib.*, 23.

2. Taking other security than that given by the statute

waives the lien. *Gaines* v. *Keeton*, 68 Miss., 473; *Gobble* v. *Gale*, 41 Am. Dec., 222; 4 Wait's Ac. & Def., 323; 2 Sugden on Vendors, 384. The security reserved in the note was in the nature of a chattel mortgage. 2 Wait's Ac. & Def., 166; 2 Ark., 253; 9 Barb., 630.

WOODS, J., delivered the opinion of the court.

Mules sold by the landlord to his tenant are as necessary to the cultivation and production of crops as mules rented. If the tenant has no team, as is generally the case, there can be no cultivation or production of crops unless the landlord makes the advances necessary to supply the need. Why the lien exists for rent of mules, and not for the purchase-price of mules sold, we are unable to see. And why food and farming utensils, and provender for stock, are supplies, and the all-important mule is not, we are unable to see. Every thing furnished to make the crop, all advances for necessary and usual means and appliances for cultivating and producing the crop, are covered by the lien conferred by section 1301, code of 1880. Chiefest among these means and appliances the mule is fairly entitled to be ranked, and his rental value, or his purchase-price, alike are embraced in the word "supplies," in the section referred to.

The taking of a rent note of $720 for the use of the land for the year 1891, and the taking of a promissory note for $305 for the two mules, reciting that Mrs. Trimble retained her lien on the mules and crop until paid, was no waiver of her landlord's lien. They were each but simple evidences of the respective debts, and neither conferred upon her any other or greater security than she already had.

*Reversed.*