## EARL *v.* MALONE.

### Opinion delivered October 8, 1906.

1. LANDLORD'S LIEN—ADVANCES.—Under Kirby's Digest, § 5034, giving to a landlord a paramount lien for advances made to the tenant, "either of money, provisions, clothing, stock or other necessary articles," to enable him to make and gather the crop, a landlord has a lien for the price of any article furnished to his tenant which was reasonably necessary in the making or gathering of the crop, and it is not essential that the article furnished shall have been for direct use in the cultivation. (Page 220.)

2. SAME.—A landlord is entitled to a lien for the following items furnished to enable his tenant to make his crop, towit: for a sewing machine, for ginning and baling of cotton, and for pasturing the tenant's stock. (Page 220.)

3. LIMITATION—NECESSITY OF PLEA.—The statute of limitations can not be availed of as a defense on appeal if it was not pleaded in the court below. (Page 221.)

Appeal from Conway Chancery Court; *J. G. Wallace,* Chancellor; affirmed.

*W. P. Strait,* for appellant.

1. To establish the lien, the things advanced to the tenant must be supplies necessary to enable the tenant to make and gather the crop. Kirby's Digest, § 5033. The statutory lien exists only for advances and supplies contemplated by the statute, and can not be extended to include other indebtedness. 18 Am. & Eng. Enc. Law (2 Ed.), 352; 61 Ala. 416; 75 Ala. 44; 90 N. C. 276. The statute is in derogation of the common law, and is to be construed strictly as regards the existence of the landlord's lien. 69 Ala. 590; 52 Ala. 223; 113 Ala. 592; 23 Ala. 369; 27 Ala. 663; 34 Ark. 696; 3 McArthur (D. C.), 431; 21 Fla. 611; 57 Ia. 96; 18 Am. & Eng. Enc. Law, 334. The burden is upon the landlord to prove all facts and elements necessary to constitute or establish the lien. 18 Am. & Eng. Enc. Law (2 Ed.), 347; 55 Ga. 322; 2 Ky. L. Rep. 212; 52 Mo. App. 242.

2. The cause of action, if any, was barred. Kirby's Digest, § § 50-52; 36 Ark. 96; 56 Ark. 499.

*Chas. C. Reid,* for appellee.

1. The tenant acting in good faith must be the judge of what is necessary and proper to aid him in making and saving the crop, and when the landlord has in good faith furnished supplies as required by the tenant, this will be sufficient upon his part, without regard to the particular things furnished. 90 N. C. 276. See also 86 Ga. 616; 39 Wis. 260; 70 Wis. 295. On the question as to whether the articles furnished were of the kind required to create the statutory lien, see 83 N. C. 84; 54 Ark. 443.

2. The statute bar was not pleaded below, and such defense will not avail here for the first time. 51 Ark. 351; 62 Ark. 76; 56 Ark. 263; 59 Ark. 312.

McCULLOCH, J. Appellee, Malone, rented land to one Williams, who raised a crop of cotton thereon, and sold a portion of the crop when gathered to appellants, Earl Bros. & Co. Appellee brings forward an account against the tenant in the sum of $54 for advances alleged to have been made by him to enable the tenant to make and gather the crop, and asserts a lien on the crop for such advances, and sues appellants in equity to recover the amount. It is alleged in the complaint that appellants had notice of appellee's lien for supplies when they received the cotton from

Williams. The chancellor found in favor of appellee, and rendered a decree against appellants for the amount of the debt, which was less than the value of the cotton received by appellants.

It is contended on behalf of appellants that the items of the account sued on do not constitute necessary supplies, within the meaning of the statute, to enable the tenant to make and gather the crop, and that the testimony in the case does not show that appellee furnished the articles to his tenant for that purpose.

The statute in question provides that "if any landlord, to enable his tenant or employee to make and gather the crop, shall advance such tenant or employee any necessary supplies, either of money, provisions, clothing, stock, or other necessary articles, such landlord shall have a lien upon the crop raised upon the premises for the value of such advances, which lien shall have preference over any mortgage or other conveyance of such crop made by such tenant or employee." Kirby's Digest, § 5033.

The language of the statute is broad enough to give the landlord a lien for the price of any article furnished to his tenant which was reasonably necessary in the making or gathering of the crop. It is not essential that the article furnished shall have been for direct use in the cultivation. The statute reads "any necessary supplies, either of money, provisions, clothing, stock, or other necessary articles."

This court, in discussing the question whether or not the price of a cow sold to a tenant could be considered within the language of the landlord's lien statute, said: "But, as milk is a common and useful article of diet, and as probably the cheapest way for a farmer to obtain it is to own a milch cow, such animals might be a part of the supplies needed by a tenant and his family to enable him to make a crop, just as any other provisions would be needed; while, on the other hand, if he bought them for speculation only, they would not be supplies for making a crop. So medical supplies and attention, when furnished or paid for by the landlord, might be necessary supplies, if needed to enable the tenant to go ahead with the work." *Bourland* v. *McKnight*, 79 Ark. 427.

The items objected to by appellants as not being "necessary supplies" are the following ones found on the account, viz.:

"1 sewing machine ...................... $12.50
"Ginning and wrapping .................... 22.00
"Pasturing ... .......... ............. ........ 2.00."

Now, it is just as essential in the economy of a household for the housewife to have a sewing machine with which to provide the wearing apparel of the family as it is to have the material for the garments; it is as provident for the landlord to furnish as pasture for his tenant's stock as it is to sell him corn to feed them with; and the ginning and baling of cotton is just as essential in the harvesting and preparation of the staple for market as it is to pluck it from the stalk. The language of the statute should be given a reasonable interpretation, in the light of the manifest purpose which the Legislature had in view when it was enacted, and it is obvious that it was intended to embrace any article which the landlord advanced to his tenant for use in or in aid of the making and gathering of the crop. *Jones* v. *Eubanks,* 86 Ga. 616; *Trimble* v. *Durham,* 70 Miss. 295; *Brown* v. *Brown,* 109 N. C. 124.

The testimony is not as full or satisfactory as it might be concerning the necessity for furnishing the supplies. Appellant exhibited his account, and stated in his testimony that he furnished the articles to his tenant "upon the faith" of his landlord's lien. He was not examined or cross-examined further on the subject, and that was all the testimony on that point. This statement was, however, together with the list of articles furnished which were all appropriate for use in making and gathering the crop, sufficient to warrant the chancellor in finding that they were necessary supplies, and were furnished for that purpose.

It is argued here that the right to assert a lien on the crop was barred by the statute of limitations, but we find that this was not pleaded below, and the question can not be raised here for the first time.

Decree affirmed.