FEW v. MITCHELL.

Opinion delivered October 8, 1906.

LANDLORD AND TENANT—EXTENT OF LIEN.—A landlord's lien is by statute confined to rent and advances necessary to make and gather the crop, and can not be extended to cover damages for breach of the lease.

Appeal from Lee Chancery Court; *Edward D. Robertson,* Chancellor, affirmed.

*W. A. Compton,* for appellant.

1. Appellant should have been allowed one-half of the expense of gathering the crop.

2. Refusal on the part of Reese and Wilson to work the land under direction of appellant was a violation of the contract.' 40 Am. Rep. 680.

3. It was the duty of Reese and Wilson to make reasonable repairs, and they can not, under the contract, be heard to complain that cattle got into the crop. Where the contract is silent as to repairs, the tenant is bound to keep the fences in ordinary repair. 19 Mo. App. 156; 36 Tex. 149.

*H. F. Roleson,* for appellee.

Appellant had no lien on the crop for damages against the tenants for failure on their part to work the crop as they should. The landlord's lien is a creature of the statute, and extends no further than to rent and necessary supplies to make the crop. Kirby's Digest, § § 5032, 5033.

HILL, C. J. Few rented land to Wilson and Reese, who were to cultivate it in cotton and corn for one-half of the crop. Mitchell took a crop mortgage from Wilson and Reese for supplies furnished them. The tenants failed to properly cultivate all the land and gather the crop, and Few took possession of the crop and gathered it, and this is a contest between him and Mitchell over it. The first contention is that Few should have been allowed one-half the expenses of gathering the crop, but the chancellor's finding in effect gave him that and more, and he has no complaint on that score. The other contentions are for damages against the tenants claimed to be prior to the mortgagee's rights. Few contends for $50 damages for neglect of the crop and for rental

value of lands not cultivated in violation of the contract and for other sums for violations of the contract. The landlord's lien is primarily for rent alone, and has been extended by statute to advances of necessary supplies, money, etc. Kirby's Digest, § § 5032-3. It can not be extended beyond the terms of the statute, and the claims here asserted are not within the statute. The right of a third party has intervened, and he can demand that his mortgage be given priority over other claims which do not fall within the statute.

The chancellor had a correct view of the law, and his findings of fact are sustained by a preponderance of the evidence.

Affirmed.

McCULLOCH, J., not participating.