KAUFMAN *v.* UNDERWOOD.

Opinion delivered May 20, 1907.

LANDLORD AND TENANT—SUPPLIES.—A landlord may not claim a lien as
for supplies furnished to his tenant where the tenant purchased a
horse for whose purchase price the landlord went security.

Appeal from Yell Chancery Court; *Jeremiah G. Wallace,*
Chancellor; reversed.

*Priddy & Chambers,* for appellants.

The statute contemplates that the supplies be furnished by
the landlord. Kirby's Digest, § 5033. If the advances are made
by a third party to the tenant, with the understanding that
he is to look to the tenant, although made at the request of the
landlord, the latter can not claim a lien therefor. Neither can
he claim a lien if he assumes the debt or becomes surety there-
for. 18 Am & Eng. Enc. of L. (2 Ed.) 352; 86 Ga. 702; 70
Miss. 60.

*W. D. Jacoway,* for appellee.

HILL, C. J. Tedder was a tenant of Underwood, and mort-
gaged his crop to Kaufman & Wilson, and this is a contest
between the mortgagees and the landlord as to the prior rights
to two bales of lint cotton raised upon the place. Underwood's
contention is that he has a lien under section 5033 of Kirby's
Digest in having supplied his tenant with a horse, and that under
said section his lien was superior to that of the mortgagee.
The horse was purchased from J. M. Harkey's Sons, and a note
was executed to them in which title to the horse was reserved,
and it was signed by Tedder first, and Underwood signed his
name under Tedder's.

There is a conflict in the testimony as to whether Under-
wood bought the horse from the Harkeys and supplied it to
Tedder, or whether Tedder bought it from the Harkeys and
Underwood went his surety. Taking the testimony as a whole,
it impresses the court that Tedder purchased the horse of the
Harkeys, and his landlord went his surety. The written evi-
dence of the sale strongly indicates that to have been the fact.
While Underwood and Harkey now remember it as a sale to
Underwood, yet at the time of the sale they made out the

evidence of it as to a sale to Tedder, and that view is in conformity to the other testimony. The landlord's lien is primarily for rent, and has been extended by the statute to advances of necessary money, supplies, stock, etc. *Few* v. *Mitchell*, 80 Ark. 243.

A party must bring himself within the terms of it before his lien will be superior to a contractual one. The court is of the opinion that such was not the case here.

Judgment is reversed and cause dismissed.