## SMITH v. JOHNSON.

## Opinion delivered April 24, 1922.

1. LANDLORD AND TENANT—ADVANCES TO TENANT.—In addition to his lien for rent, Crawford & Moses' Dig., § 6890, gives a landlord a lien on the tenant's crop for all "necessary supplies," etc., to enable the tenant both to make and to gather his crop.

2. LANDLORD AND TENANT—LIEN FOR ADVANCES.—A landlord seeking to assert a crop lien for supplies furnished to his tenant must bring himself within the statute (Crawford & Moses' Dig., § 6890) by proving that the supplies furnished were reasonably necessary to enable the tenant to make and gather the crop.

3. LANDLORD AND TENANT—FINDING THAT ADVANCES WERE NECESSARY UPHELD.—In a suit by a landlord to enforce a lien for neces-

sary supplies furnished to a tenant, evidence *held* to sustain chancellor's finding that such supplies were "necessary" within Crawford & Moses' Digest, § 6890.

Appeal from Chicot Chancery Court; *E. G. Hammock*, Chancellor; affirmed.

*Streett, Burnside & Streett*, for appellant.

The statute gives the landlord a preferred lien over any mortgage or other conveyance of the crop, for necessary supplies, to enable his tenant to make and gather his crop. C. & M. Dig., sec. 6890; Tiffany on Landlord & Tenant, vol. 2, p. 1911. The advancement must have been made in good faith. 90 N. C. 276. The lien cannot extend beyond the terms of the statute. 80 Ark. 244; 83 Ark. 119.

The court will take judicial notice of the seasons. 14 Ark. 286; 31 Ark. 557; 35 Ark. 169.

The court is not bound to accept as true the statements of a witness. 38 S. E. 56. The testimony of a witness to that which is a physical impossibility, must be rejected. 112 Ill. App. 346. Statements of a party to a suit, although not contradicted by direct testimony, are not conclusive. 106 Ark. 501; 129 Ark. 369. Testimony which is contrary to the physical facts has no probative force. 38 S. W. 308.

*Jas. R. Yerger* and *N. B. Scott*, for appellee.

McCulloch, C. J. This appeal involves a controversy between parties who respectively assert liens on a crop of cotton grown during the year 1917 on a certain plantation in Chicot County.

Robert Johnson was a tenant of appellees Trulock & Evans, under a contract that he would pay one-fourth of the crop as rent, and his share of the crop was twenty-eight bales after deducting the one-fourth delivered for rent. His share of the crop, when gathered and marketed, brought $3,142.11, and the account of appellees Trulock & Evans against him for money and supplies aggregated $3,518.93, which was $376.82 in excess of the amount of the proceeds of his share of the crop. Tru-

lock & Evans assert a lien on the crop for the full amount of the account.

Appellant's intestate, J. T. Smith, was a local merchant, and in July, 1917, took a mortgage on Johnson's crop and sold him merchandise to the extent of $961, for which a lien on the crop is asserted in the present action.

This action was instituted by appellant's intestate, and a portion of the crop was taken under attachment. The chancery court sustained the superior lien of Trulock & Evans for the full amount of their account, which left nothing upon which appellant's intestate could assert a lien.

The cause was heard below upon the accounts of the parties and the testimony of Evans, one of the appellees, who stated in his testimony that the items of the Trulock & Evans account were correct and that the whole of the account was for supplies furnished to Johnson to make and gather the crop, and that everything furnished was necessary to enable Johnson to make and gather the crop.

The accounts of the respective parties are conceded to be correct so far as they represented the items of advances made to Johnson, and the only controversy in the case is whether or not the whole of the advances made by Trulock & Evans was necessary to enable Johnson to make and gather the crop.

It appears from the accounts exhibited with the pleadings that up to November 24, 1917, Trulock & Evans had furnished Johnson money and supplies amounting, in the aggregate, to $1,879.20, and had received about three-fourths of the crop, which overpaid the account. The account shows that on and after that date Trulock & Evans furnished Johnson money and supplies to the extent of $1,639.73.

Counsel for appellant concede that the account up to November 24 represented items for advances which were necessary to make and gather the crop, but they contend that the large amount furnished thereafter was

not shown to be necessary to gather the crop, and that that part of the account does not constitute a lien on the crop as against the mortgage lien of appellant.

The amount of the account furnished after November 24, and after about three-fourths of the crop had been gathered, does indeed seem to be unreasonable on its face, but there is no testimony bearing upon that feature of the case except that of Evans himself, and he stated positively and unequivocally that each item furnished was necessary to enable the tenant to make and gather the crop. Counsel for appellant did not cross-examine him at all, and he was not asked to go into details concerning any of the items of the account. He was not asked to explain why so large an amount was necessary. He was not asked concerning the condition of the crop nor the lateness of the season nor the size of the tenant's family for the purpose of ascertaining how much was necessary for him to be furnished. In other words, learned counsel saw fit to rest their client's case solely upon the apparent unreasonableness of the account upon its face.

It is true that we are not bound by the uncontradicted statements of Evans, who was one of the interested parties, but where there is no contradiction of his testimony and no effort to have him explain the account and the circumstances under which it was furnished, we do not feel that we would be justified in disregarding his positive statements, which counsel themselves did not attempt to break down by cross-examination.

The statute (Crawford & Moses' Digest, § 6890) gives a landlord, in addition to his lien for rent, a lien on the crop for all "necessary supplies, either of money, provisions, clothing, stock, or other necessary articles," to enable the tenant to make and gather the crop. The lien is not confined to advances to enable the tenant merely to make the crop; it also covers supplies furnished for gathering the crop.

A landlord asserting a lien must bring himself within the terms of the statute in order to enforce the lien

against a third person. *Few* v. *Mitchell,* 80 Ark. 243; *Kaufman* v. *Underwood,* 83 Ark. 118. It devolves upon the landlord in such a case to prove that the supplies furnished were reasonably necessary to enable the tenant to make or gather his crop, and it is usually a question of fact in each case for the determination of the trial court or jury whether or not the advances so furnished were reasonably necessary for that purpose. *Bourland* v. *McKnight,* 79 Ark. 427; *Earl* v. *Malone,* 80 Ark. 218.

In the present case we are unable to say that the apparent unreasonableness of the amount of the account for supplies furnished during the gathering season was sufficient to overcome the positive statements of one of the witnesses to the effect that each item was necessary to enable the tenant to gather the crop. In that state of the proof the finding of the chancellor on that issue should not be disturbed.

Affirmed.