GRAYSON *v.* MIXON.

Opinion delivered April 16, 1928.

1. LANDLORD AND TENANT—SUIT FOR RENT PREMATURE WHEN.—A landlord's suit to recover a month's rent due under a contract was premature, where it was brought before the expiration of the 10 days' grace allowed by the contract for the payment of each month's rent.

2. LANDLORD AND TENANT—SUIT FOR RENT PREMATURE WHEN.—A landlord's suit for the whole amount of rent due under a five-year contract was premature, when it was brought before the expiration of the time for which the contract was to run.

3. LANDLORD AND TENANT—ABANDONMENT OF PREMISES.—Upon the tenant abandoning the premises, the landlord's right of action to recover the full amount of rent due accrues only at the end of the term when all of the installments of rent have matured.

4. LANDLORD AND TENANT—ACCEPTANCE OF TENANT'S ABANDONMENT. —Where a landlord accepts the abandonment by the tenant of the leased property and rents the property on his own account, the tenant is not liable for future rent.

5. LANDLORD AND TENANT—ABANDONMENT OF LEASE—RIGHT OF ACTION.—A landlord may refuse to accept the abandonment of the premises by the tenant and sue him for the rent as it falls due each month; or if he so elects, he may treat the lease agreement as at an end and sue immediately for damages for breach of the contract and recover the difference between the amount of rent reserved and the reasonable rental value for the remainder of the term, if the rental value be less than the amount reserved in the lease; or the landlord may wait until the end of the term and sue for the difference between the rent reserved and the actual amount of rent received from the subletting on the tenant's account.

6. LANDLORD AND TENANT—LIABILITY OF TENANT ON ABANDONMENT OF LEASE.—Where, on the abandonment of leased premises by the tenant, the landlord is unable to rent the premises, the tenant is liable for the full amount of the rent reserved.

7. LANDLORD AND TENANT—LIEN ON TENANT'S FURNITURE.—Where a contract between the landlord and the tenant provided for a lien on the tenant's furniture to secure the prompt payment of the rent, the court could not extend such lien to recover damages for the breach of the lease.

Appeal from Columbia Chancery Court; *J. Y. Stevens,* Chancellor; reversed in part.

*Gaughan & Sifford,* for appellant.

*McKay & Smith,* for appellee.

McHANEY, J. This appeal is from a decree sustaining a demurrer to appellant's complaint against the appellees, and dismissing it for want of equity. The complaint states, in substance, that, on January 1, 1926, the appellant entered into a lease contract with appellee, Mixon, whereby he leased to him a certain hotel property situated in the town of Stephens, Ouachita County, Arkansas, for a term of five years, for the annual rental of $3,000, payable monthly in advance at $250 per month; that appellee entered into possession of the property and operated it until the first day of May, 1927, paying the rental therefor in accordance with his contract; that on the 11th day of April, 1927, Mixon gave appellant

notice in writing that he would not occupy said building, or pay any rental subsequent to May 1, 1927, and that he did vacate the hotel on that date, thereby breaching his contract to pay the rental for the remainder of said five-year period; that the amount of rental due by him under said contract, or that he was to pay under the same, is the sum of $11,000, and the plaintiff prays judgment against said defendant for said sum.

It was further alleged that the lease contract was in writing, and by its terms gave the appellant a lien on all the furniture in said hotel belonging to the lessee to secure the payment of said rental, and that the instrument was acknowledged and filed for record in the recorder's office of Ouachita County; that the furniture has been removed from the hotel, stored in a warehouse in the town of Stephens, with A. Foster, and that it is now in his possession as bailee for hire, a copy of the lease agreement being attached to the complaint.

A further provision is in the lease to the effect that the lessee should have ten days of grace in which to pay the rent before the lessor could declare a forfeiture.

The appellee, People's Bank, was made party defendant because it claimed a lien upon the furniture, to the end that their respective rights therein might be determined. The prayer was, in addition to the judgment for balance due on rent, that appellant's lien on the furniture be foreclosed and applied to the satisfaction of said indebtedness.

Mixon did not plead, answer or demur to the complaint. Appellee, People's Bank, demurred to the complaint, which the court sustained, and, as heretofore stated, dismissed the complaint for want of equity.

This suit was brought on May 5, 1927, five days after the rental for May accrued, and five days before the expiration of the ten days of grace allowed. It was therefore prematurely brought, if the complaint be treated as a suit for rent, for which it specifically prays judgment. Appellant could not sue for the whole amount of the rent

due under the contract at that time, as the agreement was, it should be paid monthly in advance, with ten days of grace from the first of each month, and the full amount of rent had not accrued. And if the complaint be treated as a suit for one month's rent, it was premature, for the reason that the ten days allowed in which to pay had not expired at the time of bringing this suit. *Meyer* v. *Smith,* 33 Ark. 627, is the first case in our own decisions relating to the subject. It was later cited in *Williamson* v. *Crossett,* 62 Ark. 393, 36 S. W. 27, where, referring to that case, it was said: "It was held in that case that, when the tenant abandons the premises, refuses to pay rent, and repudiates the tenancy before the expiration of the lease, the landlord may take possession, and rent for the benefit of whom it may concern, and hold the tenant liable for any portion of the rent unpaid at the end of the term." In *Meyer* v. *Smith* it was further held that the landlord, by retaking possession under the circumstances in that case, did not, as a matter of law, accept surrender of the lease, and that a recovery could be had at the end of the term for the difference between the rent reserved and that realized by renting for the benefit of the tenant.

In *Williamson* v. *Crossett* it was held that, under the circumstances in that case, the surrender of the lease had been accepted, and that there was therefore no liability for the future rent after surrender and acceptance.

In *Hayes* v. *Goldman,* 71 Ark. 251, 72 S. W. 563, this court said: "Now, any acts which are equivalent to an agreement on the part of a tenant to abandon, and on the part of the landlord to assume possession of the demised premises on his own account, amount to a surrender of the term, by operation of law." Citing cases.

"An express agreement to accept the surrender need not be shown, for the landlord's assent may be implied by operation of law from the manner in which he uses the property after its abandonment by the tenant." 2 Wood, Landlord & Tenant (2 ed.) 1173.

"If the landlord takes charge of the property after the tenant has abandoned it merely to protect it from injury, or if, knowing that the tenant does not intend to return, he rents it for the account of the tenant, these acts may not show assent on his part, but if, after an abandonment, he takes possession, and rents the premises on his own account, this is conclusive evidence of a surrender." Citing cases.

In that case, the court quoted from 2 McAdam, Land. & Ten. (3 ed.) 1283, as follows:

"When a tenant abandons premises, and returns the keys to the landlord, the latter may accept the keys as a surrender of possession, thereby determining the tenant's estate, and relet the premises on his own account, or he may accept the keys and resume possession conditionally by notifying the tenant or other person returning the keys that he will accept the keys but not the premises, and relet them on the tenant's account, in which case the tenant may be held for any loss in rent caused by his abandonment and the subsequent reletting."

Under these cases it would appear that the landlord's right of action on the lease against his tenant for an abandonment of the leased premises for the whole amount of the rent reserved would only mature at the end of the term, when all the installments had matured, and when he would know that the full amount of rent reserved in the lease had been lost. Also it would appear that, if he takes possession of the property and sub-rents it for the benefit of the lessee, his right of action will mature at the end of the term, when he has ascertained the full amount of difference between the rent reserved and that obtained by the subletting.

Of course if he accepts the abandonment and rents the property on his own account, the tenant is not liable for future rent. It would appear also that the landlord could refuse to accept the abandonment, let the premises lie idle, and sue the tenant for the rent as it matured under the lease, in this case, on the 10th day of each

month.   In *Bradbury* v. *Higginson,* 162 Cal. 602, 123 Pac. 797, it was held that, although the tenant abandon the premises, the landlord has no right of action for the rent until it falls due.   If the landlord so elects, he may treat the lease agreement as at an end and sue for damages for breach of the contract, in which case he could bring his action immediately on the breach and recover the difference between the amount of rent reserved and the reasonable rental value for the remainder of the term, if the rental value be less than the amount reserved in the lease, or he could wait until the end of the term and sue for the difference between the rent reserved and the actual amount of rent received from a subletting on the tenant's account.

If the landlord is unable to rent the premises, the tenant would be liable for the full amount of the rent reserved.   Authorities sustaining the rules of law as herein announced may be found in extended notes to the case of *Higgins* v. *Street* (Okla.), 14 Am. & Eng. Ann. Cases, 1086, and 13 L. R. A. (N. S.) 398.

In the case now before us there is nothing in the record to show whether the appellant has retaken possession of the premises, but we announce these rules in view of the disposition we make of this case.

If the complaint in this case be treated as a suit for the recovery of damages for a breach of the contract, the lien retained in the lease contract to secure the payment of the rent does not secure the amount to be recovered in damages for breach.   If appellant elects to treat the contract between him and Mixon as at an end, the relation of landlord and tenant has ceased to exist, and there is no provision in the contract giving appellant a lien on the furniture for damages for the breach for the term, but only to secure the payment of the rent.

In *Few* v. *Mitchell,* 80 Ark. 243, 96 S. W. 983, Few rented land to certain tenants, who mortgaged the crop to Mitchell for supplies.   In a contest between Few and

Mitchell as to the priority of their respective liens, Few sought to recover damages and collect same under his landlord's lien for neglect of the crop and for rental value of lands not cultivated, in violation of the contract, and this court said: "The landlord's lien is primarily for rent alone, and has been extended by statute to advances of necessary supplies, money, etc. Kirby's Digest, §§ 5032-3. It cannot be extended beyond the terms of the statute, and the claims here asserted are not within the statute." See also *Kaufman* v. *Underwood*, 83 Ark. 118, 102 S. W. 718, 119 Am. St. Rep. 121.

While the lien here involved is by contract and not by statute, we think by analogy the same rule applies, and that we could not extend the lien in the contract to cover damages for the breach thereof, as the contract itself provides that the lien is given "to secure the prompt payment of the rent."

Since, as has been seen, if the complaint be treated as a suit for rent, even for one month, it was prematurely brought, and if it be treated as an action for damages, there is no lien on the furniture, the decree of the chancery court will be affirmed as to the People's Bank. As to appellee Mixon, however, the decree will be reversed, and remanded for further proceedings according to law and the principles of equity and not inconsistent with this opinion.

KIRBY, J., dissents.