BANK OF MULBERRY *v.* HAWKINS.

Opinion delivered November 26, 1928.

*Starbird & Starbird,* for appellant.

*J. B. Perrymore* and *O. D. Thompson,* for appellee.

McHANEY, J. Appellant was the holder of a mortgage on certain lots in Mulberry, Arkansas, to secure a note of $10,000 executed to it by S. B. Hawkins. Appellee and his brothers occupied the building on said premises, and operated a grocery store and grist mill therein. Appellee later retired from the firm of Hawkins Brothers, and the building was later rented to others, but the personal property involved in this action was permitted to remain in the building. The note for which said mortgage was given not being paid at maturity, appellant foreclosed same in the chancery court, and purchased the property covered by the mortgage. Appellee was made a party defendant in this action, for the reason, as alleged in the complaint, that he was a tenant of the property subject to the mortgage.

Thereafter appellee instituted this action of replevin to recover the personal property in the building, consisting of counters, grist mill, electric motor, corn sheller, etc. The mill and motor were fastened to the floor, or set on concrete foundations, but the testimony tended to show that they were susceptible of being removed without injury to the realty.

The action was instituted before a justice of the peace, who dismissed same on motion of this appellant, for the reason that, in the judgment of the justice of the peace, he had no jurisdiction, because the action involved the title to real property.

On a trial in the circuit court appellee and his father, S. B. Hawkins, both testified that the property involved belonged to the appellee, and that there was no intention on their part of it becoming fixtures when it was installed in the building. The testimony further showed that S. B. Hawkins had been renting the property with this personal property in it, and collecting the rents as though he owned all of it. The appellee testified that he permitted his father to collect the rents with the machinery and equipment in the building, but did not intend to pass title to the property to him. The court submitted the matter to the jury under an instruction to the effect that, if they found that the property replevied was not permanently attached to the land, but was acquired and placed in the building by the appellee with the intent to use same for his own use and benefit, then they should find for the appellee, but if the jury found that the property was permanently attached to the land and could not be removed without injury to the freehold, it became real estate, and their verdict should be for the appellant. The jury returned a verdict for the appellee, hence this appeal.

It is the general rule that the intention of the party in placing the property in the building, that is, whether it shall remain personal property or become permanent fixtures, will govern. In the recent case of *Continental Gin Co.* v. *Clement,* 176 Ark. 864, 4 S. W. (2d) 901, this court said:

"The principles of law governing this case have been many times discussed by this court, and are well settled. And it has been repeatedly held by this court that, as between the vendor and purchaser of articles, the intention of the parties is the real test" (Citing cases).

See also *Ark. Cold Storage Co.* v. *Fulbright,* 171 Ark. 552, 285 S. W. 12. In this case it was said: "The case of *Choate* v. *Kimball,* 56 Ark. 55, 19 S. W. 108, is a leading one in this court, and in that case we laid down, as the principal tests of removability, the intention of the party making the annexation and his situation and relation to

the owner of the soil—whether the annexation was intended to be made as a permanent accession to the freehold or merely for the benefit of the party making it.''

Here, when the property was put in the building, it was put in as trade fixtures, and the general rule as to the removal of trade fixtures is more favorable to the right of removal where the relation of landlord and tenant exists than in regard to any other relationship. It was so held in the last cited case. The relationship existing between appellee and his father at the time of the installation of this property in the building was that of landlord and tenant, and the property was permitted to remain there in the building by virtue of an arrangement between appellee and his father for the use of such tenants as might occupy the building, the father to collect the rent for the building, but never acquiring any title in said property.

It is urged that appellee had a reasonable time in which to remove the property from the building after he ceased to be a tenant. This would be true ordinarily, but the landlord in this case is not claiming the right to hold the property, but only his purchaser at the foreclosure sale. We find no error, and the judgment is affirmed.