In re **FORT SMITH ACOUSTICAL COMPANY, Bankrupt.**

No. FS–69–B–6.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

March 20, 1970.

John F. Gautney, Attorney, Dept. of Revenues, Little Rock, Ark., for plaintiff.

Larry R. McCord, Trustee in Bankruptcy, Ft. Smith, Ark., for defendant.

## OPINION

JOHN E. MILLER, Senior District Judge.

On January 23, 1970, the Commissioner of Revenues for the State of Arkansas filed his petition for review of the Referee's order of January 16, 1970, disallowing Claim No. 28 filed by the Commissioner.

The claim for the sum of $7,538.13 was filed on May 3, 1969. The basis of the debt was alleged to be: "Delinquent sales tax due to the State of Arkansas for the audit period: 2–1–66 thru 1–31–69." The Trustee on October 6, 1969, filed objections, and on October 23, 1969, the Commissioner filed a response to the Trustee's objections to the claim.

Following the filing of the objections of the Trustee to the allowance of the claim and the response of the claimant, the Referee ordered a hearing on the claim to be held on November 21, 1969. The claimant was duly notified of the hearing but did not appear by attorney or otherwise at the scheduled hearing. The hearing was held on January 16, 1970. The transcript of the testimony reflects that the Referee stated:

"My first inclination was to dismiss for failure to prosecute. However, on reflection, I thought that the sum involved here required at least an inquiry as to why the State was not present. I called the attorney and he said he forgot it. I reset this matter today."

Neither party has offered any additional testimony. The contentions of the parties were very well stated and argued by the Trustee and the attorney for the claimant in the objections of the Trustee and response of claimant.

General Order in Bankruptcy 47 provides:

"Unless otherwise directed in the order of reference the report of a referee or of a special master shall set forth his findings of fact and conclusions of law, and the judge shall accept his findings of fact unless clearly erroneous. The judge after hearing

may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions."

In reviewing the Referee's findings the court is required to apply the clearly erroneous standard as set forth in General Order 47, Rule 52(a), Fed.R.Civ. P., and as interpreted in United States v. United States Gypsum Co., (1948) 333 U.S. 364, 68 S.Ct. 525, 542, 92 L.Ed. 746:

> "That rule prescribes that findings of fact in actions tried without a jury 'shall not be set aside unless clearly erroneous, and due regard should be given to the opportunity of the trial court to judge of the credibility of the witnesses.' * * * A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

First National Bank of Clinton v. Julian, (8 Cir. 1967) 383 F.2d 329, 333. See, also, Farmer Bros. Co. v. Huddle Enterprises, Inc., (9 Cir. 1966) 366 F.2d 143, 146.

> "Everyone forms his conclusions from testimony, not only from the words which he hears the witnesses utter but from their appearance when they utter them; and the added weight to be attached to a referee's finding, or to a judge's (if he sees the witnesses) depends upon the fact that he has in effect had evidence before him which cold print does not preserve."

Morris Plan Industrial Bank v. Henderson, (2 Cir. 1942) 131 F.2d 975.

The court is not bound by the referee's conclusions of law. In re Simard, Bankrupt, (W.D.Ark.1966) 254 F. Supp. 609.

In the petition for review the claimant contended that it had proved its claim according to the applicable state law, Ark.Stat.Ann. § 84–1907 (Repl. 1960), and that state law is controlling as to the validity of the claim. The Trustee contended that when bankruptcy intervenes, it is the duty of the bankruptcy court to determine the nature, extent and validity of tax claims.

In City of Amarillo v. Eakens, (5 Cir. 1968) 399 F.2d 541, cert. den. Jan. 20, 1969, 393 U.S. 1051, 89 S.Ct. 688, 21 L.Ed.2d 692, the Referee held that the bankruptcy court had the power to redetermine the assessment of taxes for certain years because the question as to the amount or the legality of the taxes had not, prior to bankruptcy, been contested before or adjudicated by a judicial or administrative tribunal of competent jurisdiction. The trial court entered an order in conformity with the findings of the Referee. Beginning at page 543 the court said:

> "Essentially we are confronted with the question of whether or not the bankruptcy court had the legal power to make a redetermination of the disputed tax claims. The appellants urge that the court did not have such power and suggest a variety of grounds for the reversal of the order entered below. The arguments of the appellants to the contrary, we conclude that the bankruptcy court had jurisdiction in the matter and possessed the power to make a redetermination of the tax claims.
>
> "In 1966, in order to clarify the existing confusion relating to the general jurisdiction of the bankruptcy courts, Congress amended subdivision (a) of section 2 of the Bankruptcy Act (11 U.S.C. § 11), giving the courts of bankruptcy the jurisdiction to:
>
> > " '(2A) Hear and determine, or cause to be heard and determined, any question arising as to the amount or legality of any unpaid tax, whether or not previously assessed, which has not prior to bankruptcy been contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction * * *.'
>
> "By its plain terms this statute authorized the action taken by the Ref-

eree. He made a redetermination of the taxes due for the years 1962–1964 as the taxes for those years had not been contested. He refused to make a redetermination for 1965 and 1966, the years that the taxes were contested before the Potter County Board of Equalization."

The court, in reaching its determination, considered other cases which had arisen and been adjudicated prior to the enactment of the 1966 amendment. In 3A Collier on Bankruptcy, 14th Ed., § 64.106, p. 2107, the learned author states:

"Clearly, where the question involves pre-bankruptcy taxes which have or have not been assessed, but which have not been determined administratively or judicially, the bankruptcy court has the jurisdictional power to determine its amount and legality."

The bankrupt first started business in 1963 as a partnership engaged in both wholesale and retail selling. On January 1, 1964, the corporation was organized with its place of business at 1444 North 34th Street, Fort Smith, and the Commissioner granted it an application to engage in business as a corporation. On February 1, 1965, the corporation changed its address to 1625 North 6th Street, Fort Smith, and the Commissioner granted a permit to engage in business at that address as required by the Arkansas Gross Receipts Act 386 of 1941.

Ark.Stat.Ann., § 84–1906 (Repl.1960), requires the payment of sales tax on the first day of each month, and that the taxpayer deliver to the Commissioner upon forms prescribed and furnished by him returns under oath showing the gross receipts or gross proceeds derived from all sales, taxable or nontaxable, during the preceding month. The statute also authorizes the Commissioner to request that the taxpayer furnish any other information deemed necessary to a correct computation of the tax.

As heretofore set forth, the Commissioner filed his claim on May 3, 1969, following the filing of the petition for bankruptcy on February 5, 1969.

The evidence is undisputed that from the inception of the business to the date of bankruptcy, the taxpayer made the required monthly reports and paid the taxes disclosed due by the reports. The records of the bankrupt were originally set up after a conference with the auditors of the State and were preserved in the filing cabinets of the bankrupt. When an investigator called on the Trustee in Bankruptcy for the records, all the records for the last 15 months were delivered to him. The Trustee thought that that was all of the records, but the records for the prior period were in the files. Upon the sale of the furniture and fixtures the records that had not been delivered to the investigator were not removed and became lost.

The investigator adopted a rather unusual method of determining the amount of the claim that was later filed. He first determined the amount of the sales during the 15, or sometimes referred to as 13, month period immediately preceding bankruptcy, and divided the amount of the sales by the number of months, and reached a conclusion that the monthly sales average was $12,398.13. He then multiplied that sum by 36 months, being the three-year period prior to bankruptcy, and came up with the idea that from February 1, 1966, through January 31, 1969, the taxpayer was deficient in the sum of $7,538.13.

Ark.Stat.Ann., § 84–1907 (Repl.1960), provides that in the event the taxpayer fails to maintain and preserve proper records, the Commissioner shall be empowered to arbitrarily assess upon such information as is available to him the amount of tax due by the taxpayer, and that the burden of proof of refuting such assessment as set up by the Commissioner shall be upon the taxpayer.

Thus, the Commissioner contends that findings of fact 3 and 4 of the Referee are not supported by the evidence. In

**230**

finding of fact 3 the Referee found "that each month the bankrupt was in business, it made monthly reports to the State and the tax due was paid." In finding of fact 4 the Referee found: "At no time did the State question the accuracy of the tax returns and payments until after bankruptcy." In finding of fact 5 the Referee found that the claim of the Commissioner "is based on an admitted arbitrary assessment."

The testimony at the hearing held January 16, 1970, is undisputed, and establishes beyond question that the monthly reports were made from the beginning of the business, and the amount shown by the report was paid each month. No complaint of any kind was registered by the Commissioner. The monthly reports and payments were accepted as correct.

The Commissioner further argues that the Referee was in error in not accepting his determination of the amount due as evidenced by the claim filed, and contends that the tax due is not determined until the Commissioner examines the monthly return; that under the statute no time limit is set except that the return shall be examined "as soon as practicable." Thus, the audit and assessment which form the basis of petitioner's claim constitutes such a determination.

In reality, there is no dispute in the record as to what occurred. The argument of the Commissioner that he never approved the reports although he accepted the payments cannot be accepted.

The 1966 amendment to the Bankruptcy Act should be construed as a remedial effort, designed to alleviate an unfortunate situation in which many bankrupts and their creditors are placed. Certainly the Referee could not and did not find upon the record that there were any taxes due. Likewise, he would not approve the method adopted by the Commissioner in compiling the claim. It is difficult to imagine a claim based more upon arbitrariness and guesswork than is the claim under consideration. Even if the bankrupt were negligent, although there is no proof of any negligence on his

part, the 1966 amendment serves to protect the creditors of the bankrupt from the bankrupt's negligence. In truth and in fact the only negligence shown is that of the Commissioner. He was willing to accept the monthly reports as true and the payments as correct and should not now be permitted to say that he did not audit the monthly returns and that the haphazard, arbitrary audit upon which the claim is based is correct.

Without question the findings of fact of the Referee are fully supported by the evidence. The conclusions of law are correct and the petition for review should be denied and dismissed.

An order is being entered today in accordance with the above.