## In re FACTORY HOMES CORPORATION, Bankrupt.

### No. FS-70-B-36.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Oct. 28, 1971.

Larry R. McCord, of Pearce, Robinson & McCord, Fort Smith, Ark., Trustee in Bankruptcy.

Shaw & Ledbetter, Fort Smith, Ark., for petitioner, First Nat. Bank of Ft. Smith.

## MEMORANDUM OPINION

JOHN E. MILLER, Senior District Judge.

In this action the First National Bank of Fort Smith, Arkansas, seeks review of an order entered August 16, 1971, by the Referee in Bankruptcy allowing the claim of the First National Bank as a common claim but disallowing the claim as a secured claim.

On December 16, 1970, the petitioner, First National Bank, filed its claim against Factory Homes Corporation in the amount of $29,734.00 as a secured claim. On July 7, 1971, the Trustee for Factory Homes Corporation filed an objection to the aforementioned claim, which had been entitled Claim No. 13, and consented to the allowance of Claim No. 13 as an unsecured common claim but not as a secured claim. A hearing was held on August 12, 1971, before the Referee in Bankruptcy, and on August 16, 1971, the Referee, by written order, sustained the objection to the allowance of Claim No. 13 of the First National Bank as secured, and ordered that the claim be allowed as a common unsecured claim.

On August 18, 1971, the First National Bank filed its petition for review, in which it alleged that the holding of the Referee should be reversed and set aside for the following reasons:

"(a) That the Referee erred in his declaration at the hearing and in the written order as to the law of Arkansas in regard to fixtures.

"(b) That the Referee erred in the application of the law of Arkansas in determining whether or not the collateral covered by the Bank's financing statement constituted fixtures.

"(c) That the facts as found by the Referee in that opinion and order are against the preponderance of the evidence and are not supported by the testimonial evidence adduced at said hearing.

"(d) The Referee's holding and declaration of the law of Arkansas in construing the Uniform Commercial Code, Secured Transactions Chapter, Code Section 85–9–401, in determining what constitutes a fixture under that Section of the Code based upon the law of Arkansas was erroneous.

"(e) That the Referee erroneously held and declared that the law of Arkansas and the Uniform Commercial Code required multiple filings to perfect a security interest in all of the types of collateral covered by the financing statement of The First National Bank in claim No. 13.

"(f) That the conclusions of law and the findings of fact of the Referee in denying the claim of The First National Bank as a secured claim are contrary to both the law and the evidence contained in the record below."

On August 30, 1971, the Referee in Bankruptcy filed a certificate pursuant to Section 39(a) (8) of the Bankruptcy Act, 11 U.S.C.A. § 67, in which he certified that the record included with the petition for review of the First National Bank, in the absence of request for other documents by petitioner, was sufficient for consideration and disposition of the questions raised. On September 16, 1971, an amended certificate was filed at the request of the Trustee, which included the original Claim No. 13 and documents attached thereto.

This court has jurisdiction under Sec. 39, Bankruptcy Act of 1898 as amended, 11 U.S.C.A. § 67(c).

The facts are uncontroverted.

On August 18, 1969, petitioner made a loan in the amount of $44,604.00 to Factory Homes Corporation, which was secured by the following items:

"1 Happy Company air compressor —Gardner Denver 40 h. p. Scaffolding by Clayco Contractors Supply Co.

1 Clary Corporation mobil craft dado-trimmer Duo-Fast Arkansas air tools & 60 sets of controls

1 Star Machinery Company gang rip saw—Ex 1 #208A

13 Boal Industrial Supply Company electric hoists

13 Boal Industrial Supply Company hoist trolleys

18 Boal Industrial Supply Company bridge crane kits

75 Boal Industrial Supply Company cable trolleys

1 Boal Industrial Supply Company pipe threading machine

200′ Boal Industrial Supply Company conveyors and casters Boal Industrial Supply Company small power tools

1 Boal Industrial Supply Company 15″ floor sander

(All replacements thereof and all accessions, parts and equipment now or hereafter affixed thereto or used in connection therewith.)"

A financing statement was filed in Crawford County listing this property on August 20, 1969. An involuntary petition in bankruptcy was filed on July 16, 1970, against Factory Homes Corporation. On July 27, 1970, the bank filed the Security Agreement with the Secretary of State in compliance with Ark. Stat.Ann. § 85–9–401(1) (c).

■■ The trustee of the estate of a bankrupt is vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under the Bankruptcy Act, except insofar as it is to property which is held to be exempt. Sec. 70(a) of the Bankruptcy Act, 11 U.S.C.A. § 110(a). The trustee also has the benefit of all defenses available to the bankrupt as against third persons. Sec. 70(c), 11 U.S.C.A. § 110(c).

The issue before the Referee was whether or not the security for the loan could be properly classified as "equipment" or "fixtures." If the security was "equipment," then the lien of the bank was not perfected until July 27, 1970, and the rights of the Trustee would be superior to those of the bank. On the other hand, if the security was classified as "fixtures" under the law of Arkansas, then the local filing would be sufficient to perfect the lien of the bank as of August 20, 1969, and the lien of the bank would be superior to that of the Trustee. (See Ark.Stat.Ann. § 85–9–401.)

On August 12, 1971, the Referee in Bankruptcy held a hearing, at which Mr. Allen Gattis, a Vice President of the bank, testified that he thought the security was properly classified as "fixtures." Mr. B. L. Wooley, an auctioneer, testified that he and the Trustee inspected the property; that the Trustee decided the property could be removed easily and without damage to the building. Accordingly the property was sold by the Trustee as personal property free of any lien or claim of the bank.

On October 15, 1971, Petitioner submitted its brief and argument. The petitioner contends that the security consisted of $12,000 worth of I-beams, steel cranes and drills that were erected and attached to the ceiling and affixed to the building, and that the machine listed on the financing statement as a "dado-trimmer" was also affixed to the building. Petitioner does not contend that the Star Machinery Company gang rip saw and Boal Industrial Supply Company small power tools are fixtures, but admits that they are equipment. Peti-

tioner further contends that in deciding whether the collateral should be classified as fixtures or equipment, the Referee ignored the Arkansas law of trade fixtures. It is also contended that the only criteria which the Referee used to establish whether the collateral was a fixture or not was the possibility of removal without damage to the structure.

On October 20, 1971, the memorandum brief of the Trustee was received. The Trustee bases his argument on two theories. First, he states that the Referee was correct in his finding that the collateral was properly classified as equipment. The Referee in his order of August 16, 1971, said:

"The Court finds as a fact that the collateral in question is not properly classified as a fixture, but as equipment, as defined by U.C.C. 85–9–109(2); that it could be removed or replaced for repair by unhooking or unbolting without damage to the structure; and that the part which was bolted was to stabilize the equipment while in use. The building was not owned by the bankrupt, but was leased from S & H, Inc. This lessor-lessee relationship does not manifest an intent on the part of the bankrupt to make this equipment a permanent acquisition to the property owned by the lessor.

"The Court further finds that there was not the slightest damage upon the removal of this equipment from the freehold or building, as was testified to by Mr. Wooley, and as demonstrated by claim #77 by S & H, Inc., which sought no money for damage to the structure, as surely it would have had this been done."

Secondly, the Trustee contends that even if the collateral was classified as fixtures, the claimant has failed to perfect his security interest in that it did not state on the financing statements the location where the collateral would be kept.

▆ The issue before the Referee, and now before the court, is whether the local filing of the Security Agreement was sufficient to perfect the petitioner's security interest prior to the filing of the bankruptcy action. The court, in reviewing the Referee's findings of fact is required to apply the clearly erroneous standard as set forth in General Order 47, Rule 52(a), Fed.R.Civ.P. In re Ft. Smith Acoustical Company (W.D. Ark.1970), 310 F.Supp. 226. However, the court is not bound by the Referee's conclusions of law. In re Simard (W. D.Ark.1966), 254 F.Supp. 609.

On October 26, 1971, the claimant submitted a reply brief in support of its argument and the Trustee submitted a letter brief in reply thereto.

It is the opinion of the court that the decision of the Referee is correct.

Ark.Stat.Ann. § 85–9–401, provides:

"(1) The proper place to file in order to perfect a security interest is as follows:

\*  \*  \*  \*  \*  \*

"(b) when the collateral is goods which at the time the security interest attaches are or are to become fixtures, then in the office where a mortgage on the real estate concerned would be filed or recorded;

"(c) in all other cases, in the office of the Secretary of State and in addition, if the debtor has a place of business in only one county of this state, also in the office of the Clerk of the Circuit Court and Ex-Officio Recorder of such county, or, if the debtor has no place of business in this state, but resides in the state, also in the office of the Clerk of the Circuit Court and Ex-Officio Recorder of the county in which he resides."

Arkansas law governs in determining whether this collateral is classified as "fixtures" or "equipment." "The law of this state other than this Act determines whether and when other goods become fixtures  \*  \*  \*." Ark.Stat.Ann. § 85–9–313.

■ Petitioner cites the Referee's failure to apply the Arkansas law of trade fixtures as error. Trade fixtures by definition are not fixtures. This is a misnomer. The Arkansas law on trade fixtures has uniformly been applied to allow trade fixtures to be removed from real property. In general, trade fixtures are normally treated as personalty. Field v. Morris (1910), 95 Ark. 268, 129 S.W. 543; Bank of Mulberry v. Hawkins (1928), 178 Ark. 504, 10 S.W.2d 898; and Bennett v. Taylor (1932), 185 Ark. 794, 49 S.W.2d 608.

In 35 Am.Jur.2d, Fixtures, ¶ 3, p. 701, it is stated:

"Generally speaking trade fixtures are those items of personal property brought upon the land by a tenant which are necessary to carry on the trade or business to which the land will be devoted. Contrary to the general principle that fixtures become part of the realty and pass with it, *trade fixtures remain the personal property of the tenant or occupant of the land and are generally removable by him at the expiration of his term of occupancy.*" (Emphasis supplied.)

When the Uniform Commercial Code was drafted and the section previously referred to establishing place of filing was enacted, the writers obviously considered fixtures to be those items of personalty which became affixed to real property to the extent that they became part of the real property. This is shown by the requirement that a security instrument including fixtures would be filed in the county where a real estate mortgage would be filed. The Arkansas cases previously cited distinguish "trade fixtures" from "fixtures" and allow the property to be treated as personalty. A "fixture" in Arkansas is personal property which by reason of annexation to real property has become a part of the realty because of the nature of the surrounding structures or the impossibility of removal without substantial damage to the realty.

In the case of Choate v. Kimball (1892), 56 Ark. 55, 19 S.W. 108, an early leading case on "fixtures," the court said at page 56 of 56 Ark:

"The term 'fixtures' has reference to articles which, in and of themselves, and irrespective of annexation to land, are of a chattel nature, but by reason of such annexation have become a part of the land. The point of difficulty arises in determining when there has been such annexation of chattels as to make them a part of the land, or irremovable fixtures."

See, Continental Gin Co. v. Clement (1928), 176 Ark. 864, 4 S.W.2d 901; Waldo Fertilizer Works, Inc. v. Dickens (1944), 206 Ark. 747, 177 S.W.2d 398.

■ In the present case the petitioner claims no interest in the real property on which Factory Homes Corporation operated its business. The real property was leased and the landlord was present at the sale and witnessed the removal of the property in question and did not file a claim with the Trustee for any damage to the real property occasioned by removal of the collateral. This is not consistent with the aforementioned definition of a "fixture." The term "trade fixture" is likewise not consistent with the definition of a "fixture" as commonly applied. It is an exception to the classification "fixture," and in the cases in which the term is discussed it is generally stated that a "trade fixture" remains the property of the business, not the owner of the real property, and is thus not a "fixture."

■ The petitioner is correct in its contention that the collateral is a trade fixture. However, a trade fixture within the law of Arkansas is not a "fixture," but is "equipment."

■ The operating facts are, as stated by the Referee, undisputed. The loan was made by the bank to enable Factory Homes Corporation to operate a business in a building leased from a third party. The loan was used to buy equipment necessary for the business to operate. The financing statement executed by the borrower did not contain a statement describing any real estate to which the col-

lateral was to be affixed. The first claim made by petitioner that the collateral should be classified as "fixtures" was made at the hearing on the Trustee's objection to allowing the claim as a secured claim. It is clear that the order of the Referee squarely met the problem in holding that the collateral was not a "fixture" as defined under the law of Arkansas, but remained personal property.

It follows that the petitioner's security interest on the collateral was not perfected as of July 16, 1970, the day the involuntary petition in bankruptcy was filed naming Factory Homes Corporation. As a result, when the Trustee received the title held by the bankrupt on that date, no lien existed and the claim of petitioner was properly allowed as a common claim.

Therefore, an order is being entered today confirming the order of the Referee and dismissing the petition for review.